**Melvin ZELAYA, Plaintiff—Appellant,**

v.

**THE COCA–COLA COMPANY,**
**a foreign corporation,**
**Defendant—Appellee.**

No. 04–15030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 12, 2005.

Philip B. Whitaker, Stagall, Katz & Whitaker PC, Phoenix, AZ, for Plaintiff–Appellant.

Lonnie J. Williams, Jr., Esq., Quarles & Brady Streich Lang LLP, Phoenix, AZ, Elizabeth Johnson, Esq., The Coca–Cola Company, Atlanta, GA, for Defendant–Appellee.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM [*]

Plaintiff/appellant Melvin Zelaya, a native of Nicaragua, filed suit against Coca–Cola under 42 U.S.C. § 2000(e) ("Title VII"), 42 U.S.C. § 1981, and 29 U.S.C. § 621 (Age Discrimination in Employment Act or "ADEA"), alleging discrimination based on national origin and age. Additionally, Zelaya alleged that Coca–Cola retaliated against him in violation of Title VII after he filed a discrimination complaint with the federal Equal Employment Opportunity Commission ("EEOC"). The district court granted summary judgment in favor of Coca–Cola on all causes of action and Zelaya filed this timely appeal. We affirm.

We review the district court's grant of summary judgment de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), in order to determine, viewing the evidence in the light most favorable to Zelaya, whether there are any genuine issues of material fact and whether the district

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). Summary judgment may be affirmed on any ground supported by the record. *Enlow v. Salem–Keizer Yellow Cab Co.*, 371 F.3d 645, 649 (9th Cir.2004).

## A. Discrimination Claims

Pursuant to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Zelaya bears the initial burden of establishing a prima facie case of discrimination. *See e.g., Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir.1996). If he establishes a prima facie case, a rebuttable presumption shifts the burden of production to Coca–Cola to articulate a legitimate, non-discriminatory reason for its decisions. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. This burden is one of production, not persuasion; it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If Coca–Cola meets its burden, the rebuttable presumption of discrimination disappears, and the burden shifts back to Zelaya to prove that Coca–Cola's stated reason is merely pretextual. *St. Mary's*, 509 U.S. at 509, 113 S.Ct. 2742.

■■■ Zelaya established a prima facie case of discrimination by showing that on four occasions, Coca–Cola passed over him and promoted instead, candidates who were either younger or Caucasian. In response, Coca–Cola stated that the candidates who were promoted over Zelaya were more qualified based on their analytical thinking, communication and organizational skills. The record established that Kludas, Hess and Miller all had received more favorable performance appraisals than Zelaya in these areas, and that Black-

man had more experience in the Latin American market than Zelaya. Although Zelaya was a top performer in sales production, both Hufford and Ragland testified that sales production numbers were used to determine bonuses—not promotions. This testimony was not refuted. Accordingly, Coca–Cola met its burden to articulate a legitimate, non-discriminatory reason for the promotions.

When an employer has met its burden of production, the factual inquiry proceeds to a new level of specificity to prove pretext. *Texas Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The inquiry turns from the generalized factors that establish a prima facie case to the specific proofs and rebuttals of discriminatory motivation. *St. Mary's*, 509 U.S. at 516, 113 S.Ct. 2742. The plaintiff must do more than show that the employer's reason is false. The plaintiff must adduce sufficient evidence to raise a triable issue of fact that the presumptively valid reasons for his rejection were in fact a coverup for a racially discriminatory decision. *McDonnell Douglas*, 411 U.S. at 805, 93 S.Ct. 1817. "[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's*, 509 U.S. at 515, 113 S.Ct. 2742 (emphasis in original).

Zelaya presented no credible evidence that Coca–Cola's stated reasons were false *or* that discrimination was the real reason. Zelaya did not disprove that Kludas, Hess and Miller had stronger analytical, communication and organizational skills, or that Blackman had more experience than he. Moreover, the mere fact that Coca–Cola used subjective criteria to determine eligibility for promotions is not sufficient to establish a triable issue on pretext. *See Jauregui v. City of Glendale*, 852 F.2d 1128, 1135 (9th Cir.1988) (holding that "the

use of subjective factors to evaluate applicants for hire or promotion is not illegal per se"). Finally, Zelaya's claim that the promotions were discriminatory because Coca–Cola did not use a formal promotion procedure is unavailing. The record established that Coca–Cola conducted formal, written, annual performance reviews, and that performance reviews were used to determine eligibility for promotion. Accordingly, the district court properly granted summary judgment because Zelaya failed to establish that Coca–Cola's stated reasons for the promotions were a pretext for discrimination based on age or national origin.[1]

## B. Retaliation Claim

In order to establish a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link between the protected activity and the adverse action. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994).

 Zelaya alleged that after he filed discrimination charges with the EEOC, Coca–Cola retaliated against him by scrutinizing his expense reports and attempting to fire him. Even assuming that Coca–Cola's alleged actions are "adverse employment actions" for purposes of a retaliation claim, Zelaya cannot prevail because he failed to show a causal link between his supervisor's actions and filing his discrimination claim. Indeed, he admitted that his supervisor began scrutinizing his phone bills weeks before he filed his claim. Accordingly, the district court

properly determined that Zelaya failed to establish a prima facie case of retaliation.

**AFFIRMED.**

---

1. Since Zelaya failed to establish a triable issue of material fact regarding his discrimination claims, summary judgement was properly granted as to his causes of action under both Title VII and the ADEA.

